## CRAMER *v.* THE UNION PACIFIC R. R. CO.

[JANUARY TERM, 1875.]

IN AN ACTION AGAINST A CORPORATION BY ONE OF ITS EMPLOYEES FOR damages for injuries sustained by reason of the negligence of the corporation, an allegation that charges the negligence to be that of the defendant is sufficient.

APPEAL from the third district court. The opinion states the facts.

No attorney of record for the appellant.

*Hempstead & Kirkpatrick*, for the respondent.

BOREMAN, J.:

The complaint shows that the plaintiff (appellant) was employed as a common workman by the defendant, the railroad company, to dig gravel, and to help load and unload the construction train with the same. As part of the contract, he was boarded by the defendant in its construction boarding cars, and carried to and from his work by the defendant. In thus returning from his dinner on one day in October, 1869, a collision occurred between the construction train upon which the plaintiff was being carried and a locomotive running out of time and without notice. By this collision the plaintiff's leg was crushed, whereby he has been greatly disabled. This suit was brought to recover damages for this injury.

The defendant demurred to the complaint, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer and gave judgment against the plaintiff. From this action of the court below the plaintiff appeals to this court.

The only question which we are now called upon to consider is the one upon which the demurrer is based.

The principal ground relied upon to sustain the demurrer is that a master is not responsible to his servant for injuries resulting from the negligence, carelessness, or misconduct of a fellow-servant engaged in the same general business. This question was argued at great length by the attorneys, both of the appellant and of the respondent, yet no such point necessarily arises upon the demurrer. The position assumed by the defendant may be true as a principle of law, and yet this complaint be entirely sufficient. The injury is not charged to the carelessness, negligence, or misconduct of a fellow-servant, but is charged directly upon the defendant. The collision and consequent injury are not only charged entirely to the negligence of the defendant, but it is alleged also that the same were "without any negligence on the part of the plaintiff."

Some of the numerous allegations of the complaint may be defective, but there are enough good allegations to support a judgment for the plaintiff if one should be had.

The judgment of the court below is therefore reversed with costs, and the order sustaining the demurrer is revoked

and the cause remanded to the court below for further proceedings in accordance with this opinion.

MCKEAN, C. J., and EMERSON, J., concurred.